John Timothy SMITH and Janet Smith,
Plaintiffs-Appellants,

v.

CUTTY'S INC., an Iowa corporation,
Defendant-Appellee.

No. 86CA0284.

Colorado Court of Appeals,
Div. I.

July 30, 1987.

Law Offices of John G. Salmon, P.C., William P. Godsman, Denver, for plaintiffs-appellants.

Hall & Evans, William A. Palmer, Colorado Springs, for defendant-appellee.

ENOCH, Chief Judge.

In this negligence action, plaintiffs, John Timothy Smith and Jane Smith, appeal the summary judgment entered in favor of defendant, Cutty's, Inc. The trial court ruled that § 33–41–101 et seq., C.R.S. (1984 Repl. Vol. 14), which generally relieves a landowner from liability for injuries received by people using his property without charge for recreational purposes, here relieved Cutty's of any liability for the injuries received by Mr. Smith on Cutty's land. It therefore granted defendant's summary judgment motion. We reverse.

Cutty's is an Iowa corporation which owns and operates recreational facilities throughout the country, including the Alpine Lakes facility in Colorado. Cutty's activities at Alpine Lakes consisted chiefly of membership promotions and renting stationary recreational vehicles to its members for overnight camping on the premises. Mr. Smith, together with his church group, received permission from a Cutty's employ-

ee to use, free of charge, the snowy slopes surrounding the Alpine Lakes Lodge for tobogganing. The employee also allowed the group to use Cutty's restrooms and some of its snow sledding equipment. A road traversed the slope down which Mr. Smith tobogganed, and as he traveled down the slope, he apparently became airborne over the road, lost control, and crashed, receiving severe injuries.

Section 33–41–103, C.R.S. (1984 Repl. Vol. 14) states in relevant part:

"[A]n owner of land who either directly or indirectly invites or permits, without charge, any person to use such property for recreational purposes does not thereby:

(a) Extend any assurance that the premises are safe for any purpose;

(b) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed;

(c) Assume responsibility or incur liability for any injury to person or property or for the death of any person caused by an act or omission of such person."

Section 33–41–104, C.R.S. (1984 Repl. Vol. 14) sets out several exceptions to the above limitations of liability, including the following:

"(1) Nothing in this article limits in any way any liability which would otherwise exist:

.    .    .    .    .

(d) For injury received on land incidental to the use of land on which a commercial or business enterprise of any description is being carried on."

The trial court concluded that, "in the instant case there is no nexus between the commercial or business enterprise being carried on by the defendant and the use by the plaintiffs herein without compensation to the defendant." Thus, it determined that the exception in § 33–41–104(1)(d) did not apply. Applying the general limitation of liability in § 33–41–103, the trial court granted defendant's summary judgment motion.

## I.

Plaintiffs first contend that the trial court erred by construing § 33–41–104(1)(d) to require a nexus between the commercial or business enterprise and the use giving rise to the injury. Plaintiffs argue that the plain language of § 33–41–104(1)(d) creates an exception to the general limitation of liability of § 33–41–103, for injuries received on land upon which *any* commercial or business enterprise is conducted, whether or not there exists a relationship between the business enterprise and the use of the property by the injured party. We disagree.

The construction urged by plaintiffs would essentially strike the clause "incidental to the use of land" from § 33–41–104(1)(d). However, when possible, every word of a statute is to be given effect. *Colorado General Assembly v. Lamm,* 700 P.2d 508 (Colo.1985); *Gearhart-Owen Industries, Inc. v. Panhandle Production Co.,* 624 P.2d 355 (Colo.App.1980). Thus, in construing this statute, we must give effect to the clause "incidental to the use of land."

The purpose of § 33–41–101 et seq., C.R.S. (1984 Repl.Vol. 14), is "to encourage owners of land within rural areas to make land and water areas available for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Section 33–41–101, C.R.S. (1984 Repl.Vol. 14). Because a large quantity of the private rural land in Colorado is dedicated to agriculture, ranching, mining, and other commercial enterprises, it would frustrate the purpose of this legislation if the statute were construed automatically to exclude all such land from the limitation of liability of § 33–41–103. Under such construction, neither cattle ranchers nor farmers, who control significant portions of land in Colorado having desirable recreational attributes, would be able to allow campers, hikers, hunters, or fishermen to enter their land without fear of being responsible for their injuries.

Where statutory language is ambiguous or unclear, the statute must be interpreted to further the purpose of the legislation.

*Perlmutter v. Blessing,* 706 P.2d 772 (Colo. 1985). Therefore, we hold that the purpose of this legislation would be furthered by construing the phrase "incidental to the use of land" in § 33–41–104(1)(d) to require that there be a nexus between the commercial or business enterprise and the use giving rise to the injury.

## II.

 Plaintiffs next contend that if a nexus is required between the commercial or business enterprise and the use giving rise to the injury, then the court erred in granting summary judgment because whether such a nexus existed was a disputed fact in this case. We agree.

Because a summary judgment denies the party opposing the motion its right to trial, it is appropriate only if there is no dispute as to any material fact, and if the law entitles one party or the other to judgment in its favor. C.R.C.P. 56(c); *Mount Emmons Mining Co. v. Crested Butte,* 690 P.2d 231 (Colo.1984).

The record shows that Cutty's operated a recreational resort at Alpine Lakes. Its facilities included a lodge, several recreational vehicles for camping, a lake for fishing, and equipment used for sledding or tobogganing. Mr. Smith's injury occurred while he was tobogganing on the Alpine Lakes premises, clearly an activity which Cutty's contemplated its members would do on the premises. The fact that Mr. Smith and his group were not paying customers does not render his use of the land unrelated to the commercial activity being carried on there.

Thus, we conclude that there was sufficient evidence of nexus to make summary judgment inappropriate, and it was error for the trial court to rule that, as a matter of law, there was no nexus between Cutty's commercial activity and Smith's use of the land.

The judgment is reversed and the cause is remanded to the trial court for further proceedings, *i.e.,* determination, after all the evidence has been presented, whether plaintiff's injury arose from an activity which was incidental to defendant's use of the land for a commercial or business enterprise and, if so, whether defendant is liable for such injury.

VAN CISE and STERNBERG, JJ., concur.